UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 1 0 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| William Scott Davis, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No.  18-839 (UNA) |
| State of North Carolina *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, purports to sue North Carolina and certain entities and officials at the state and county levels under the False Claims Act ("FCA"), and has moved to proceed *in forma pauperis* ("IFP").  The Court will grant plaintiff's IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The FCA, 31 U.S.C. §§ 3729-3732, "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).  The FCA authorizes a private individual, as a relator, "to bring [a qui tam] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted).

In federal courts such as this, plaintiffs "may plead and conduct their own cases personally or by counsel[.]"  28 U.S.C. § 1654.  Here, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015);

therefore, the "*pro se* plaintiff may not file a qui tam action[,]" *Jones v. Jindal*, 409 Fed. App'x.

356 (D.C. Cir. 2011) (per curiam).  *See Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157

(3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro*

*se* litigant may not pursue a qui tam action on behalf of the Government. ") (citing cases)); *U.S.*

*ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006)

("[A] qui tam relator—even one with a personal bone to pick with the defendant—sues on behalf

of the government and not himself.  He therefore must comply with the general rule prohibiting

nonlawyers from representing other litigants.").  Accordingly, this case will be dismissed.  A

separate accompanies this Memorandum Opinion.

_____
United States District Judge

Date:  May _____, 2018